IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:11 CR 101 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| DERRICK JOHNSON, JR. | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant, Derrick Johnson's second Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255.  (ECF # 984, 993, 1057).  The first time Mr. Johnson filed a Motion pursuant to 28 U.S.C. §2255 was in July of 2019.  That motion was granted, in part, and Mr. Johnson was re-sentenced on October 6, 2020.  He had previously filed three motions seeking to reduce or correct sentence without referencing §2255.  (ECF #646, 946, 947).  Each of these motions was denied. (ECF #709, 954).   The current motion makes multiple arguments that were available to him at the time of his prior filings, as well as at least one argument pertaining to a determination made at his re-sentencing.

Section 2255 provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Because Mr. Johnson has failed to receive authorization from the Sixth Circuit to file this second, or successive §2255 motion, the motion may not be reviewed by the Court at this juncture. Therefore, the Clerk of Court is directed to transfer Mr. Johnson's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Further, to the extent that his most recent motion addresses issues that did not arise until his re-sentencing, and might arguable be considered to fall outside of the "second or successive" category addressed above, those arguments are untimely and should be dismissed. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires defendants to file Section 2255 claims within one-year of the finalization of the conviction. 28 U.S.C. § 2255(f); *see also In re Hanserd*, 123 F.3d 922, 924, 932 (6th Cir. 1997)(concerning restrictions pursuant to the enactment of the AEDPA). Where an appeal was taken and certiorari was not sought, the judgment of conviction becomes final when the time expires for filing a petition for cert—i.e., ninety days after entry of the appellate court's judgment. *Clay v. United States*, 537 U.S. 522 (2003). Mr. Johnson's re-sentencing occurred on October 6, 2020, and his appeal was complete on October 14, 2021. It does not appear from the docket that he sought certiorari. Therefore, the latest date for a timely challenge under §2255 would have been January 18, 2022. His petition was filed on July 5, 2022. IT IS SO ORDERED.

      /s/ Donald C. Nugent
      Donald C. Nugent
Date: July 19, 2022      United States District Judge