IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DERRICK JOHNSON, JR.,** | ) | CASE NO. 4:11 CR 101 |
| | ) | |
| **Defendant-Petitioner,** | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Respondent.** | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Defendant, Derrick Johnson, Jr., pursuant to 28 U.S.C. § 2255. (Docket #1057.) Mr. Johnson filed his Motion on July 5, 2022 and the United States filed its Response Brief on May 2, 2023. (Docket #1068.)

I.  **Factual and Procedural Background.**

As set forth by the United States, the Factual and Procedural Background of this case is as follows:

> Following a jury trial, Johnson was convicted of RICO conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); three counts of Violent Crimes in Aid of Racketeering ("VICAR"), in violation of 18 U.S.C. § 1959(a)(5) (Counts 5, 6, and 31); retaliation against a government witness, in violation of 18 U.S.C. § 1513(a)(1)(B) (Count 29); two counts of using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 7 and 32); and possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 28). United States v. Johnson, 576 Fed. Appx. 572, 574 (6th Cir. 2014).

On October 17, 2012, this Court sentenced Johnson to a 240-month term of imprisonment on Count 1; a 120-month term of imprisonment on Counts 5, 6, and 31; a 60-month term of imprisonment on Count 28; and a 360-month term of imprisonment on Count 29. These sentences were concurrent. Additionally, Johnson was sentenced to serve a 10-year consecutive sentence on Count 7 and a 25-year consecutive sentence on Count 32. (R. 707: Sentencing Tr., PageID 6241-42; R. 650: Judgment, PageID 2684-90).

Johnson appealed, arguing "that the government violated Federal Rule of Criminal Procedure 16 when it failed to provide him a summary of Sergeant Lambert's testimony in a timely manner," that this Court "did not take the precautions necessary to allow Sergeant Lambert to testify as both a fact and expert witness at trial," and that this Court constructively amended the indictment. Johnson, 576 Fed. Appx. at 574-76. The Sixth Circuit affirmed judgment. Id. at 576. Johnson did not petition the Supreme Court for certiorari.

On October 9, 2015, Johnson filed a motion requesting appointment of counsel and a six-month extension of time to file a petition under 28 U.S.C. § 2255. (R. 764: Motion, PageID 6506-08). This Court granted Johnson's request for additional time and denied his request for counsel. (R. 767: Order, PageID 6532). Despite having obtained additional time for filing a petition under § 2255, Johnson never filed a petition.

Johnson filed motions to correct sentence on September 27, 2018, and October 17, 2018, arguing that the sentences imposed as to Counts 7 and 32, both of which were violations of 18 U.S.C. § 924(c)(1)(A) punishable under Section 924(c)(1)(A)(i), were incorrect. (R. 946: Motion, PageID 7120-22; R. 947: Motion, PageID 7123-24; R. 951: Response1, PageID 7130- 37). The government opposed. (R. 952: Response, PageID 7138-45). This Court denied Johnson's motions on November 19, 2018. (R. 954: Marginal Order, PageID 7148).

On October 3, 2019, Johnson filed a supplemental motion to vacate sentence following the Supreme Court's holding in United States v. Davis, 139 S. Ct. 2319 (2019). (R. 993: Suppl. Motion to Vacate, PageID 7301-08). The government agreed that the predicate offense in Count 7 no longer qualified as a crime of violence after Davis and requested this Court vacate Johnson's sentence and hold a de novo resentencing hearing. (R. 997: Response to Suppl. Motion to Vacate, PageID 7316-7321).

Johnson was resentenced on October 6, 2020, to 240 months on Count 1; 120 months on Counts 2 and 6; and 360 months on Counts 28 and 29, all to run concurrently. (R. 1024: Amended Judgment, PageID 7463-7470)). Additionally, Johnson was sentenced to 60 months on Count 32 to run consecutive to all other counts. (Id.). Count 7 was dismissed. (Id.).

>Johnson appealed again, arguing the "district court committed procedural error by failing to adequately explain the reasons for applying the four-level leadership enhancement under [U.S.S.G.] § 3B.1.1(a)." United States v. Johnson, 2021 U.S. App. LEXIS 28370 (6th Cir. Sep. 17, 2021). He also argued "that his 360-month sentence for his drug conspiracy conviction (Count 28) was unreasonable." Id. The Sixth Circuit affirmed judgment. Id.
>
>In July 2022, Johnson filed a motion to vacate under 28 U.S.C. § 2255. (R. 1057: Motion, PageID 7567). This Court referred Johnson's Motion to the Sixth Circuit to receive authorization to file a second or successive § 2255 motion. (R. 1058: Order). The Sixth Circuit denied the motion for authorization as unnecessary, holding that because this filing is Johnson's first § 2255 motion since his amended judgment, it is neither second nor successive. (R. 1064: Appeal Order).

(Docket #1068 at pp. 1-3.)[1]

The Government asks that the Court deny Mr. Johnson's Section 2255 Motion, arguing that the Motion presents claims that were already fully litigated and resolved on the merits on direct appeal (Grounds One and Four), as well as procedurally defaulted and non-cognizable claims (Grounds Two and Three).

## II. Discussion.

Title 28 U.S.C. § 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

---

[1] On June 16, 2023, Mr. Johnson filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Docket #1069.) The Government filed an Opposition Brief on July 26, 2023. (Docket #1070.) On October 20, 2023, this Court issued an Order denying said Motion. (Docket #1075.)

### A. Grounds One and Four.

In Grounds One and Four of his Motion to Vacate, Mr. Johnson challenges the reasonableness of his sentence on Count 28 and the four-level leadership role enhancement he received. Mr. Johnson previously raised these issues on direct appeal and the Sixth Circuit affirmed Mr. Johnson's sentence on Count 28 and the four-level leadership role enhancement.

"'A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.'" *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. Mich 1996) (quoting *United States v. Brown*, 62 F.3d 1418 (6th Cir. Tenn. 1995)). There has been no intervening change in case law or other exceptional circumstance which would permit collateral review of these claims. Accordingly, Mr. Johnson is not entitled to relief on Grounds One and Four.

### B. Ground Two.

In Ground Two of his Motion to Vacate, Mr. Johnson argues that he was charged twice for the same offense in violation of the Double Jeopardy Clause, specifically that the overt acts set forth in the Indictment supporting the VICAR charges against him are duplicative of the firearms charges brought against him pursuant to Section 924. (Docket #1057 at p. 6.) Mr. Johnson did not raise this argument on direct appeal.

A criminal defendant may not utilize a Section 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); see *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To assert a claim not raised on direct appeal, a

petitioner ordinarily must show cause for the default and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152 (1998). Mr. Johnson has not established cause and prejudice for his failure to raise this argument on direct appeal and, accordingly, is barred from raising this claim now.

Further, the Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The Double Jeopardy Clause protects criminal defendants from successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same offense, neither of which occurred in Mr. Johnson's case. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The charges brought against Mr. Johnson are separate and distinct statutory claims, requiring proof of different elements. The inclusion and explanation of overt acts in the Indictment as support for the charges set forth therein does not give rise to a claim for double jeopardy.

For the foregoing reasons, Mr. Johnson is not entitled to relief on Ground Two.

**C.      Ground Three.**

In Ground Three of his Motion to Vacate, Mr. Johnson argues that he cannot be given a two-level enhancement for Count 29 – retaliation against a person for providing to law enforcement information relating to the commission of a Federal offense – because there was no crime of violence under 18 U.S.C. § 924(c).

Claims that do not assert Constitutional or jurisdictional errors are generally cognizable under Section 2255 only if they involve a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). A non-constitutional challenge to an advisory guidelines range is not cognizable under Section 2255. *Snider v. United States*, 908 F.3d 183, 189-91 (6th Cir. Tenn. 2018). Further, as explained by the

Government, violence was not a requirement for the two-level enhancement:

> Before [Mr. Johnson] was resentenced, the probation department filed an updated presentence report. (R. 1007: PSR, PageID 7348-82). The PSR grouped Counts 29 and 31 pursuant to U.S.S.G. § 3D1.2(a) because they involved the same victim and act/transaction, and Johnson was given a two-level enhancement for those charges pursuant to U.S.S.G. § 3C1.1. Johnson's claim that "the enhancement without the violence is incorrect" (R. 1057: Motion, PageID 7573) is itself incorrect. U.S.S.G. § 3C1.1 relates to obstruction of justice, not violence. It states "If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels." Violence is not a requirement under § 3C1.1 to receive a two-level enhancement.

(Docket #1068 at p. 11.)

For the foregoing reasons, Mr. Johnson is not entitled to relief on Ground Three.

## III. Conclusion.

The Motion to Vacate, Set Aside or Correct Sentence filed by Defendant, Derrick Johnson, Jr., pursuant to 28 U.S.C. § 2255 (Docket #1057), is DENIED.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which
> specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists could debate whether the district court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Mr. Johnson has failed to make a substantial showing of the denial of a Constitutional right and, there is no basis upon which to debate the Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: April 5, 2024