UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:11 CR 101 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |
| DERRICK T. JOHNSON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's second Motion For Sentence Reduction Under 18 U.S.C. §3582(c)(1)(A). (ECF # 1097). The Government filed a Response in Opposition to Defendant's Motion. (ECF #1098). Mr. Johnson did not file a Reply.

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. §542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See,*

*United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). The Government does not dispute that Mr. Johnson's submitted evidence of his November 26, 2024 letter to the Warden satisfies the exhaustion requirement. Therefore, the Court will consider his motion on the merits.

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a)," must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13.

Circumstances that rise to the level of "extraordinary and compelling reasons" warranting a sentence reduction are described in detail in §1B1.13(b) and fall under the following general categories: (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; (6) Unusually Long Sentence. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

Mr. Johnson argues that he is entitled to relief under U.S.S.G. §1B1.13(b)(5). In order to establish extraordinary and compelling reasons that would justify relief under this section, Mr. Johnson must show that his "other reason" when considered alone or in combination with those reasons described in §1B1.13(b)(1-4), are similar in gravity to the circumstances described in §1B1.13(b)(1-4). Mr. Johnson argues that his youthfulness at the time of the offense conduct, when considered in combination with the 829 Amendment to the Sentencing Guidelines which took effect on November 1, 2024, creates a set of circumstances that should be considered "extraordinary and compelling" for purposes of considering a sentence reduction under 18 U.S.C. §3582(c)(1)(A).

---

[1] Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

Amendment 829 makes several revisions to §5H1.1 of the Sentencing Guidelines, which address how the age of an offender may be relevant in determining the appropriateness of departures from the recommended guideline range, at the time of sentencing. The change relevant to Mr. Johnson's situation is the addition of language that allows for a downward departure based on the "youthfulness at the time of the offense or prior offenses." U.S.S.G. §5H1.1. Amendment 829 was not made retroactive by the Sentencing Commission. U.S.S.G. §1B1.10(d).

Non-retroactive amendments to the Guidelines Manual are specifically exempted from consideration when a court is determining whether "extraordinary and compelling" reasons for a sentence reduction exist. U.S.S.G. §1B1.13(c). The Sixth Circuit has also held that non-retroactive Guidelines amendments cannot be considered as "extraordinary and compelling" reasons for relief. *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024). Because the Court cannot consider Amendment 829 when it determines whether "extraordinary and compelling" reasons for relief exist, Mr. Johnson would have to show that his youthfulness, in and of itself, was an extraordinary and compelling factor, equal in gravity to the grounds set forth in U.S.S.G. §1B1.13(b)(1-4).

Mr. Johnson's youth at the time of his offense conduct does not rise to the level of extraordinary and compelling in this context. Mr. Johnson's previously raised this argument in his first motion for compassionate release, which was denied. (ECF # 1075). Though he was undoubtedly young, he was an adult during most if not all of the offense conduct. Unfortunately, it is not extraordinary for a court to have a young defendant whose conduct warrants a long sentence. Any relevance his age may have had on the offense was already considered at his original sentencing in 2012, his re-sentencing in 2020, and in the review of his first motion for compassionate release. Further, the Sixth Circuit has found that, because the defendant's age is a fact known at sentencing, the youthfulness of an offender is an impermissible factual consideration for a district court to rely on when determining whether of "extraordinary and compelling" reasons exist for granting

compassionate relief. *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021). Therefore, Mr. Johnson has not shown extraordinary and compelling reasons that would justify a reduced sentence under 18 U.S.C. §3582(c)(1)(A).

As outlined in the Court's last opinion denying Mr. Johnson's first Motion for relief under 18 U.S.C. §3582(c)(1)(A), and as reflected in his original sentencing and re-sentencing proceedings, even if Mr. Johnson had provided extraordinary and compelling reasons to consider relief, the §3553(a) factors weigh heavily against release. In addition, Mr. Johnson remains a danger to the community.

In determining whether Mr. Johnson remains a danger to the community, the Court looks at four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against him; (3) history and characteristics of the defendant; and, (4) the nature and seriousness of the danger to any person or the community if he were released. 18 U.S.C. §3142(g). These factors combine to show that Mr. Johnson undoubtedly remains a danger to the community.

A jury found sufficient evidence to convict Mr. Johnson of one count of participating in a RICO conspiracy; two counts of using or carrying a firearm in relation to a crime of violence; three counts of committing Violent Crimes in Aid of Racketeering; one count of retaliation against a government witness; and possession with intent to distribute cocaine base. He has committed multiple disciplinary infractions while incarcerated, including multiple violations for possessing dangerous weapons. He had a long history of criminal behavior and was undeterred by prior sentences or attempts at rehabilitation.

Mr. Johnson was the leader of a street gang that engaged in acts of murder, robbery, witness tampering, retaliation, and drug trafficking. (ECF #1007, PageID 7360). He regularly engaged in and directed others to engage in offenses involving the sale of firearms, drug trafficking, and robbery. There is evidence in the record showing that Mr. Johnson shot people on multiple

occasions and attempted to murder a confidential informant during the investigation of the conduct underlying his conviction. (ECF #1007, PageID 7360-1). If he were released early there would be a significant risk of danger to the community and due to is prior acts of retaliation and witness intimidation, there exists a high risk of danger to those who assisted in the investigation or testified against him at trial.

For purposes of this opinion, the Court considered Mr. Johnson's filings, the Government's opposition, and the record as it relates to his original trial and sentencing in 2012, his re-sentencing in 2020, and the consideration of his first motion for compassionate release. In addition it considered and balanced all the factors set forth in 18 U.S.C. §3142(g) and §3553(a). The combination of factors at play in Mr. Johnson's case do not support a sentence reduction.

For the reasons set forth above, the Court finds, in its discretion, that the Defendant's Motion for Sentence Reduction should be DENIED. (ECF #1097). IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATE: February 3, 2025